UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KERRY ROGERS,<br>Individually and on behalf<br>of all others similarly situated,<br><br>    *Plaintiff,*<br><br>v.<br><br>ROADSTAR TOWING & RECOVERY<br>SERVICES, LLC and CORRI EDWARD,<br><br>    *Defendants.* | Civil Action No. _____<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b)<br><br>CLASS ACTION PURSUANT TO<br>FED. R. CIV. P. 23 |

## ORIGINAL COLLECTIVE AND CLASS ACTION COMPLAINT

Kerry Rogers brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members") who worked for RoadStar Towing & Recovery Services, LLC and Corri Edward (hereinafter "Defendants" or "RoadStar") at any time during the relevant statutes of limitations through the final disposition of this matter, seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and Texas common law.

## I.
## OVERVIEW

1. This is a collective action brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and a class action brought pursuant to Texas common law and FED. R. CIV. P. 23 to recover unpaid wages, overtime wages, and other applicable damages and penalties.

2. Plaintiff and the Putative Class Members are those similarly situated persons who worked for RoadStar at any time during the relevant statutes of limitations through the final

disposition of this matter, and were not paid for all hours worked or any overtime compensation in violation of state and federal law.

3. Specifically, Plaintiff and the Putative Class Members were supposed to be paid either by the hour or a percentage commission on the number of vehicles they towed, regardless of the number of hours worked each week.

4. Plaintiff and the Putative Class Members routinely work (and worked) in excess of forty (40) hours per workweek.

5. Plaintiff and the Putative Class Members were not only not paid for all hours worked (and in some cases not paid at all), but they were also not paid overtime at the proper rate for all hours worked in excess of forty (40) hours each week.

6. The decision by RoadStar not to pay for all hours worked (and in some cases not pay at all) or any overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

7. RoadStar knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked and overtime at the proper rate for all hours worked in excess of forty (40) hours per workweek.

8. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.[1]

9. Plaintiff and the Putative Class Members therefore seek to recover all unpaid wages, unpaid overtime and other applicable damages and penalties owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b) and Texas common law.

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

10. Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

11. Plaintiff also prays that the Rule 23/Texas Common Law class is certified as defined herein, and the Plaintiff designated herein be named as Class Representative.

## II.
## THE PARTIES

12. Plaintiff Kerry Rogers ("Rogers") worked for RoadStar during the relevant time period. Plaintiff Rogers was not paid for all hours worked nor did he receive overtime at the proper rate for all hours worked in excess of forty (40) hours per workweek.[2]

13. The Putative Class Members are those similarly situated employees who worked for RoadStar during the relevant statutes of limitations and have been subjected to the same illegal pay system under which Plaintiff Rogers worked and was paid.

14. Defendant RoadStar Towing & Recovery Services ("RoadStar) is a Texas corporation, having its principal place of business in Houston, Texas, and may be served with process through its registered agent for service: **Corri Edward, 5300 North Braeswood Blvd. #378, Houston, Texas 77096, or wherever she may be found.**

15. Defendant Corri Edward ("Edward") is the Managing Member of RoadStar, and an employer as defined by 29 U.S.C. § 203(d). Along with RoadStar, Defendant Edward employed and/or jointly employed Plaintiff and the Putative Class Members. Defendant Edward may be served at: **5300 North Braeswood Blvd. #378, Houston, Texas 77096, or wherever she may be found.**

16. Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over RoadStar Towing & Recovery Services, LLC and Plaintiff and

---

[2] The written consent of Romeo Rogers is attached hereto as Exhibit "A."

the Putative Class Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA and Texas common law, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

## III.
## JURISDICTION & VENUE

17. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201, *et. seq*.

18. This Court has supplemental jurisdiction over the additional Texas state law claims pursuant to 28 U.S.C. § 1367.

19. This Court has personal jurisdiction over RoadStar because the cause of action arose within this District as a result of RoadStar's conduct within this District.

20. Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

21. Specifically, RoadStar is headquartered in Houston, Texas, and Plaintiff and the Putative Class Members worked for Defendants in Houston, Texas, all of which are located in this District and Division.

22. Venue is therefore proper in this District pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

23. Defendants operate a private property towing and roadside assistance service in Houston, Texas.[3] They provide a variety of services, including flatbed towing, wheel-lift towing, motorcycle transport, light/medium duty towing, underground garage access, as well as roadside services such as jump-starts, lock-outs, and tire changes.[4]

---

[3] http://roadstar-towing-recovery-services-llc.business.site

[4] *Id.*

24. To provide their services, RoadStar employed (and continues to employ) numerous workers—including Plaintiff and the individuals that make up the putative or potential class. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work throughout the State of Texas.

25. Defendants are joint employers pursuant to 29 C.F.R. § 791.2.

26. Specifically, Defendant Edward dictates the practice goals and what pressing or tactical items need to be done in order to meet the goals of RoadStar and/or their clients.

27. Further, Defendant Edward manages key internal relationships to RoadStar—that is, she directs the financials of RoadStar and she controls the pay of Plaintiff and the Putative Class Members who directly or indirectly report to Defendant Edward.

28. Moreover, Defendant Edward has the power to hire and fire Plaintiff and the Putative Class Members; supervise and control Plaintiff and the Putative Class Members' work schedules and conditions of their employment; determine their rate and method of payment; and, maintain their employment records.

29. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA and Texas common law with respect to the entire employment for the workweeks at issue in this case.

30. Plaintiff Rogers worked for RoadStar in approximately February and March 2017, as a tow truck driver/operator.

31. As a tow truck driver/operator, Plaintiff Rogers' primary duties were to drive, maintain and operate the trucks used to tow and recover disabled vehicles throughout the State of Texas.

32. RoadStar agreed to pay Plaintiff and the Putative Class Members either by an hourly rate or a percentage commission for each tow and/or recovery made.

33. Specifically, Plaintiff Rogers was promised a 33 1/3 % commission on all of his tows, but RoadStar failed to pay him for all hours worked and did not pay him for any overtime hours worked either.

34. Plaintiff and the Putative Class Members worked long hours. Specifically, Plaintiff and the Putative Class Members often worked more than seventy (70) hours per week.

35. RoadStar denied Plaintiff and the Putative Class Members pay for all hours worked and overtime at the proper rate for all hours worked in excess of forty (40) hours each week as a result of a widely applicable, illegal pay practice.

36. Indeed, RoadStar applied this pay practice despite clear and controlling law that states that Plaintiff and the Putative Class Members were non-exempt employees entitled to be paid for all hours worked and overtime at the proper rate for all hours worked in excess of forty (40) each week.

37. RoadStar was (and continues to be) aware that Plaintiff and the Putative Class Members were not paid for all hours worked (and in some cases not at all) nor were they paid the proper amount of overtime for all hours worked over forty (40) each week.

38. Accordingly, RoadStar's pay policies and practices blatantly violated (and continue to violate) the FLSA and Texas common law.

# V.
# CAUSES OF ACTION

**A. FLSA COVERAGE**

39. All previous paragraphs are incorporated as though fully set forth herein.

40. The FLSA Collective is defined as:

**ALL TOW TRUCK DRIVERS/OPERATORS WHO WORKED FOR ROADSTAR TOWING & RECOVERY SERVICES, LLC AND/OR CORRI EDWARD, AT ANY TIME FROM MARCH 22, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER, WERE NOT PAID FOR ALL HOURS WORKED AND DID NOT RECEIVE OVERTIME FOR ALL HOURS WORKED OVER FORTY IN ANY WORKWEEK ("FLSA Collective" or "FLSA Collective Members").**

41. At all times hereinafter mentioned, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

42. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

43. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

44. During the respective periods of Plaintiff and the FLSA Collective Members' employment by RoadStar, these individuals provided services for RoadStar that involved interstate commerce for purposes of the FLSA.

45. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

46. Specifically, Plaintiff and the FLSA Collective Members are (or were) **<u>non-exempt</u>** employees who worked for RoadStar and were engaged in vehicle towing and recovery services that were directly essential to the production of goods for RoadStar and related companies. 29 U.S.C. § 203(j).

47. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

48. In violating the FLSA, RoadStar acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

49. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 40.

50. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of RoadStar.

**B. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

51. All previous paragraphs are incorporated as though fully set forth herein.

52. RoadStar violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times the regular rate.

53. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of RoadStar's acts or omissions as described herein; though RoadStar is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

54. Moreover, RoadStar knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

55. RoadStar knew or should have known its pay practices were in violation of the FLSA.

56. Defendants are sophisticated parties and employers, and therefore knew (or should have known) their policies were in violation of the FLSA.

57. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted RoadStar to pay for all hours worked and overtime at the proper rate in accordance with the law.

58. The decision and practice by RoadStar to not pay for all hours worked and overtime at the proper rate was neither reasonable nor in good faith.

59. Accordingly, Plaintiff and the Putative Class Members are entitled to be paid (a) for all hours worked and (b) overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. FLSA COLLECTIVE ACTION ALLEGATIONS

60. All previous paragraphs are incorporated as though fully set forth herein.

61. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiff.

62. Other similarly situated employees have been victimized by RoadStar's patterns, practices, and policies, which are in willful violation of the FLSA.

63. The FLSA Collective Members are defined in Paragraph 40.

64. RoadStar's failure to pay for all hours worked and overtime at the proper rate results from generally applicable policies and practices, and does not depend on the personal circumstances of the individual FLSA Collective Members.

65. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

66. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

67. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked and overtime at the proper rate.

68. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the FLSA Collective Members are blue-collar workers entitled to be paid for all hours worked and overtime at the proper rate.

69. RoadStar employed a substantial number of similarly situated individuals since March 22, 2015. Upon information and belief, these workers are geographically dispersed, residing and working in locations across the State of Texas.

70. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and RoadStar will retain the proceeds of its rampant violations.

71. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

72. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 40 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of Texas Common Law)

**A.     VIOLATIONS OF TEXAS COMMON LAW**

73. All previous paragraphs are incorporated as though fully set forth herein.

74. Plaintiff further brings this action pursuant to the equitable theory of *quantum meruit*. *See Artemis Seafood, Inc. v. Butcher's Choice, Inc.* No. CIV. A. 3:98-0282, 1999 WL 608853, at *3 (N.D.

Tex. Aug. 11, 1999) (citing *Schuchart & Assocs. V. Solo Serve Corp.*, 1983 WL 1147, at *23 (W.D. Tex. June 29, 1983)).

75. The Texas Common Law Class is defined as:

**ALL TOW TRUCK DRIVERS/OPERATORS WHO WORKED FOR ROADSTAR TOWING & RECOVERY SERVICES, LLC AND/OR CORRI EDWARD IN THE STATE OF TEXAS, AT ANY TIME FROM MARCH 22, 2014 THROUGH THE FINAL DISPOSITION OF THIS MATTER, WERE NOT PAID FOR ALL HOURS WORKED AND DID NOT RECEIVE OVERTIME FOR ALL HOURS WORKED OVER FORTY IN ANY WORKWEEK ("Texas Common Law Class" or "Texas Common Law Class Members").**

76. The Texas Common Law Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Defendants. These claims are independent of Plaintiff's claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA. *See Burns v. Chesapeake Energy, Inc.*, No. SA-15-CV-1016-RP, (ECF No. 67) (W.D. Tex. Mar. 2, 2017) (recognizing that "gap time" or "straight time" claims, where the compensation sought is for hours worked in a week that are not in excess of forty and when the average wage paid is not below minimum wage, are not preempted by the FLSA); *see also Carman v. Meritage Homes Corp.*, 37 F.Supp.3d 860, 867 (S.D. Tex. 2014).

77. Plaintiff and the Texas Common Law Class Members provided valuable services for RoadStar, at RoadStar's direction and with RoadStar's acquiescence.

78. RoadStar accepted Plaintiff and the Texas Common Law Class Members' services and benefited from their timely dedication to RoadStar's policies and adherence to RoadStar's schedule.

79. RoadStar was (and continues to be) aware that Plaintiff and the Texas Common Law Class Members expected to be compensated for the services they provided to RoadStar.

80. RoadStar has therefore benefited from services rendered by Plaintiff and the Texas Common Law Class Members.

81. Plaintiff and the Texas Common Law Class Members are therefore entitled to recover pursuant to the equitable theory of *quantum meruit*.

**B.   TEXAS COMMON LAW CLASS ALLEGATIONS**

82. Plaintiff brings his Texas Common Law Claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by RoadStar to work in Texas since March 22, 2014. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051.

83. Class action treatment of the Texas Common Law Class Members is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

84. The number of Texas Common Law Class Members is so numerous that joinder of all class members is impracticable.

85. Plaintiff is a member of the Texas Common Law Class, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of the other class members.

86. Plaintiff and her counsel will fairly and adequately represent the class members and their interests.

87. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

88. Accordingly, the Texas Common Law Class should be certified as defined in Paragraph 75.

# VI.
# RELIEF SOUGHT

89. Plaintiff respectfully prays for judgment against RoadStar as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 40 and requiring RoadStar to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order certifying the Texas Common Law Class as defined in Paragraph 75 as a class action under Rule 23 and designating Kerry Rogers as the Class Representative of the Texas Common Law Class.

c. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

d. For an Order awarding Plaintiff (and those FLSA Collective Members who have joined in the suit) back wages that have been improperly withheld;

e. For an Order pursuant to Section 16(b) of the FLSA finding RoadStar liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

f. For an Order pursuant to Texas Common Law awarding Plaintiff and the Texas Common Law Class who performed work on behalf of Defendants in the State of Texas all damages allowed by law;

g. For an Order awarding the costs and expenses of this action;

h. For an Order awarding attorneys' fees;

i. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

j. For an Order awarding the Plaintiff a service award as permitted by law;

k. For an Order compelling the accounting of the books and records of RoadStar, at RoadStar's own expense; and

l. For an Order granting such other and further relief as may be necessary and appropriate.

Date: March 22, 2018

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: /s/ *Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Federal I.D. No. 19259
Texas Bar No. 00793838
cgordon@a2xlaw.com
**Carter T. Hastings**
Federal I.D. No. 3101064
Texas Bar No. 24101879
carter@a2xlaw.com
**George Schimmel**
Federal I.D. No. 2338068
Texas Bar No. 24033039
geordie@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Attorneys in Charge for Plaintiff and the Putative Class Members***