IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KERRY ROGERS, Individually and on behalf of all others similarly situated, | § § § § | Civil Action No. 4:18-cv-00900 |
| Plaintiff, | § § | JURY TRIAL DEMANDED |
| v. | § § | |
| ROADSTAR TOWING & RECOVERY SERVICES, LLC and CORRI EDWARD, | § § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| Defendants. | § § § § | CLASS ACTION PURSUANT TO FED. R. CIV. P. 23 |

**MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT**

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiff Kerry Rogers ("Plaintiff" or "Rogers"), moves for the entry of Final Default Judgment for Plaintiff against RoadStar Towing & Recovery Services, LLC and Corri Edward, ("Defendants"), and in support thereof shows the following:

**I.
PROCEDURAL FACTS**

On March 22, 2018, Plaintiff Kerry Rogers filed this Collective Action Complaint for unpaid wages and unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA") and under common-law *quantum meruit* claim of unjust enrichment. On April 30, 2018, Defendants were personally served (ECF 5). Because Defendants failed to answer or otherwise respond as required by law, Plaintiff Rogers filed a Motion for Entry of Default Judgment against Defendants on July 20, 2018 (ECF 6). On August 8, 2018, the Clerk of this Court entered a default on the record as to Defendants (ECF 7).

As of the filing of this Motion, Defendants have not served any paper on the undersigned or filed any paper required by law in response to the Complaint. Accordingly, Plaintiff now requests entry of a Final Default Judgment in his favor against Defendants.

## II.
## DAMAGES

Plaintiff is claiming all available relief, including compensation, liquidated damages, post judgment interest, attorneys' fees, and costs, pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b). Plaintiff's claims for compensation include unpaid wages and unpaid overtime wages. Plaintiff is entitled to liquidated damages in an amount equal to the unpaid wages as a matter of law. 29 U.S.C. § 216(b). Plaintiff worked long hours and routinely worked in excess of forty (40) hours each workweek. Plaintiff has not been paid all wages owed to him for the work that was performed during the entirety of his eight-week employment and overtime compensation at the proper rate for all hours worked in excess of forty (40) hours per workweek.

Attached as Exhibit A is Plaintiff Roger's Declaration evidencing the amount of wages he is owed. Plaintiff's Declaration is the best evidence of his hours worked as Defendants have failed to participate in this case. Plaintiff's unpaid wages and overtime wages total $19,610.40. Additionally, Plaintiff is owed liquidated damages. An employer who seeks to avoid liquidated damages as a result of violating the provisions of the FLSA bears the burden of proving that its violation was both in good faith and predicated upon reasonable grounds. *See Nero v. Industrial Molding Corp.*, 167 F.3d 921, 921 (5th Cir. 1999) ("Under the FLSA, a district court may not exercise its discretionary authority to reduce or to eliminate a liquidated damages award unless the employer first sustains its burden of showing that its failure to obey the statute was in good faith."). In this case, Defendants by virtue of having failed to respond to Plaintiff's Complaint, failed to meet their burden to oppose the imposition of liquidated

damages. Furthermore, by failing to respond to Plaintiff's Complaint, Defendants have admitted all facts pleaded in Plaintiff's complaint, including that the minimum and overtime wage violations were willful. *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established."). Based upon the forgoing, Plaintiff is owed liquidated damages in addition to the overtime wages owed. Specifically, Plaintiff is owed $19,610.40 in liquidated damages for a total principal amount of $39,220.80.

## III.
## ATTORNEYS' FEES AND COSTS

As Plaintiff filed suit for violations of the FLSA, Plaintiff is entitled to recover his reasonable attorney's fees and costs under the FLSA. *See* 29 U.S.C. § 216(b). Specifically, 29 U.S.C. § 216(b) authorizes an award of attorneys' fees and costs to the prevailing plaintiffs in any proceedings to enforce the provisions of the FLSA. Under the FLSA, the award of attorney's fees is mandatory, and courts have long recognized that to achieve the remedial goal of the FLSA attorney's fees must be awarded. *Steele v. Leasing Enterprises, Ltd.*, 826 F.3d 237, 249 (5th Cir. 2016). Awarding employees their attorney's fees is necessary to "provide an adequate economic incentive for private attorneys" to take FLSA cases and "thereby to ensure competent legal representation for legitimate claims." *Odil v. Evans*, No. 3:01-cv-00070, WL 3591962 at *3 (M.D. Ga. Dec. 30, 2005).

In *Hensley v. Eckerhart*, the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." 461 U.S. 424, 433 (1983); *accord Saizan v. Delta Concrete Prod. Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006). To determine the amount of attorney's

fees to be awarded, the Fifth Circuit utilizes a two-step process to derive the lodestar. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323–24 (5th Cir. 1995). Under this method, a court first determines the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating attorneys. *See id.* at 324. Then, the court must determine a lodestar by multiplying the reasonable hours by the reasonable hourly rates. *See id.* (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).

There is a strong presumption of the reasonableness of the lodestar amount. *See Saizan,* 448 F.3d at 800. However, after calculating the lodestar, the court may adjust the lodestar amount upward or downward based upon its analysis of twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *Id.* The twelve factors enumerated in *Johnson* are as follows:

(1) The time and labor required to represent the client or clients;

(2) The novelty and difficulty of the issues in the case;

(3) The skill required to perform the legal services properly;

(4) The preclusion of other employment by the attorney;

(5) The *customary fee charged for those services in the relevant community;*

(6) Whether the fee is fixed or contingent;

(7) The time limitations imposed by the client or circumstances;

(8) The *amount involved and the results obtained;*

(9) The *experience, reputation, and ability of the attorney;*

(10) The undesirability of the case;

(11) The nature and length of the professional relationship with the client; and

(12) Awards in similar cases.

*Johnson,* 488 F.2d at 717–19 (emphasis added).

Fee applicants bear the burden of establishing the appropriate hours and hourly rates and proving they exercised billing judgment. *See id.; see also Walker v. City of Mesquite, Tex.*, 313 F.3d 246, 251 (5th Cir. 2002); *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996). A fee applicant can only meet his burden by presenting evidence that is adequate for a court to determine what hours should be included in the reimbursement. *See Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990). Thus, courts generally require the applicant to produce contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for non-compensable hours. *See id.*

**A.     Hours Claimed**

A court's first step in determining reasonable attorney's fees is to determine whether the hours claimed were reasonably expended on the litigation. *See id.* Courts should examine both whether the total number of hours claimed is reasonable and whether specific hours claimed were reasonably expended. *League of United Latin Am. Citizens # 4552 v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997). If the hours are not reasonably expended, they should be excluded from the initial fee calculation. *See Kellstrom*, 50 F.3d at 324. The Declaration of Clif Alexander contains a certification that the hours claimed are well grounded and in fact justified. *See* Declaration of Clif Alexander, attached hereto as Exhibit B. Sworn testimony by counsel that the hours were spent litigating this case is evidence of considerable weight of the time required and it must appear that the time is obviously and convincingly excessive to reduce the hours. *See Perkins v. Mobile Housing Authority*, 847 F.2d 738 (11th Cir. 1988).

**B.     Hourly Rate**

Once the court determines whether the hours are reasonable, it must determine the market rate. The market rate is the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question. *Uphoff v. Elegant Bath, Ltd.*, 176 F3d 399 (7th Cir. 1999). The burden of proving the market rate is on the party seeking the fee award, but once the prevailing party's attorney provides evidence of establishing his market rate, the opposing party has the burden of demonstrating why a lower rate should be awarded. *Id.* By his declaration, attorney Clif Alexander has demonstrated that he is familiar with the rates charged by attorneys with similar experience in the Southern District of Texas. *See* Exhibit B. Attorney Clif Alexander has practiced exclusively in the area of employment law for twelve (12) years. Importantly, Defendants have failed to present any evidence that the rates requested are not reasonable rates for an attorney in the Southern District of Texas with the experience and qualifications of Plaintiff's counsel. Plaintiff has met his burden of showing that a reasonable hourly rate for his attorney is $550.00 in this matter. Moreover, Plaintiff's counsel has attached an order out of the Western District of Texas, San Antonio Division, awarding higher rates than those requested herein, for an FLSA case out of South Texas—further establishing that the requested rates are reasonable for this type of litigation in this locale. *See* Exhibit C.

Finally, as stated in the Declaration of Clif Alexander, Plaintiff has incurred costs of $615.00 in filing fees, service of process, postage, and research fees. *See* Exhibit B. Plaintiff is entitled to reimbursement of his costs permitted under 28 U.S.C. §1920. *See* 29 U.S.C. § 216.

WHEREFORE, Plaintiff requests the entry of a Final Default Judgment in his favor and against Defendants in the principal amount of $39,220.80 plus $10,935.00 in attorneys' fees and $615.00 in costs for a total of $50,770.80.

Date: December 1, 2020	Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:	/s/ *Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**Carter T. Hastings**
Federal I.D. No. 3101064
Texas Bar No. 24101879
carter@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

*Attorneys in Charge for Plaintiff and the Putative Class Members*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2020, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means. A true and accurate copy of the foregoing was mailed to the following by Certified US Mail:

**CM/RRR # 9590 9402 2582 6336 8124 62**
**AND FIRST-CLASS MAIL**
RoadStar Towing & Recovery Services, LLC
c/o Corri Edward
5300 N. Braeswood Blvd. # 378
Houston, TX 77096

**CM/RRR # 9590 9402 2582 6336 8124 79**
**AND FIRST-CLASS MAIL**
Corri Edward
5300 N. Braeswood Blvd. # 378
Houston, TX 77096

/s/ Clif Alexander
Clif Alexander